# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2020

Lyle W. Cayce
Clerk

No. 19-10748
Summary Calendar

UNITED STATES OF AMERICA,

      Plaintiff-Appellee

v.

FERALD EUGENE HOLLAND,

      Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-45-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In 2019, Ferald Eugene Holland pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 96 months of imprisonment and three years of supervised release. The written judgment includes a condition requiring that Holland "shall . . . not frequent places where controlled substances are illegally sold, used, distributed, or administered" (the "shall-not-frequent" condition). However, the district court's oral

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pronouncement of Holland's sentence did not include or otherwise refer to this condition.

Holland argues on appeal that the shall-not-frequent condition conflicts with the district court's oral pronouncement of his sentence because the condition was deleted from the Sentencing Guidelines as a standard condition of supervised release on November 1, 2016, *see* U.S.S.G. App. C, Amend. 803, and because it broadens the requirements of his supervised release. We review this issue for abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). When there is a conflict between a written judgment and an oral pronouncement, the oral pronouncement controls. *Id.* In addressing discrepancies between the oral pronouncement and the written judgment, "[t]he key determination is whether the discrepancy between the [two] is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

There is no obvious conflict between the oral pronouncement of sentence and Holland's written judgment. *See United States v. Vasquez-Puente*, 922 F.3d 700, 704 (5th Cir. 2019). Rather, because the written judgment includes other mandatory and standard conditions barring Holland from associating with individuals engaged in criminal activities and from the unlawful possession or use of controlled substances, *see* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(2), (a)(4), (c)(8), the shall-not-frequent condition created an ambiguity that did not broaden the requirements of supervised release. *See Mireles*, 471 F.3d at 558; *see also* U.S.S.G. App. C, Amend. 803 (Reason for Amendment) (explaining that the shall-not-frequent condition "is encompassed by the 'standard' condition that defendants not associate with those they know to be criminals or who are engaged in criminal activity"). As a result, the

district court did not abuse its discretion in including the shall-not-frequent condition in Holland's written judgment.

**AFFIRMED**.